**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael Lavon BOSTIC, a.k.a. Mike B, Defendant–Appellant.**

**No. 15–11858**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 15, 2016.

R. Brian Tanner, James D. Durham, E. Gregory Gilluly, Jr., Tania D. Groover,

Karl I. Knoche, Brian T. Rafferty, Edward J. Tarver, U.S. Attorney's Office, Savannah, GA, for Plaintiff–Appellee.

Leigh Ann Webster, Strickland Webster, LLC, Atlanta, GA, Michael Lavon Bostic, Savannah, GA, for Defendant–Appellant.

Before JORDAN, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Bostic appeals his 48–month sentence, imposed after Bostic pleaded guilty to unlawful use of a communication facility in violation of 21 U.S.C. § 843(b), (d)(1).[1] No reversible error has been shown; we affirm.

On appeal, Bostic contends that his sentence is substantively unreasonable. We review the reasonableness of a final sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The party challenging the reasonableness of a sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors.[2] *United States v. Talley*, 431 F.3d 784, 788 (11th Cir.2005).

---

**1.** In a 54-count indictment against Bostic and 22 codefendants, a federal grand jury charged Bostic with one count of conspiracy to distribute cocaine and eight counts of unlawful use

of a communication facility. Pursuant to a written plea agreement, Bostic pleaded guilty to one count of unlawful use of a communication facility in exchange for the government's agreement to dismiss the other counts.

**2.** Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics

A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." *Id.* We will not vacate a sentence unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh,* 515 F.3d 1179, 1191 (11th Cir.2008).

Bostic has failed to demonstrate that his sentence is substantively unreasonable. Based on Bostic's adjusted offense level of 21 and criminal history category of VI, his advisory guidelines range was first calculated as between 77 and 96 months' imprisonment. Bostic's guideline range was then reduced to 48 months' imprisonment: the statutory maximum sentence for his offense of conviction. *See* 21 U.S.C. § 843(d)(1); U.S.S.G. § 5G1.1(a). We ordinarily expect a sentence imposed within the guidelines range to be reasonable. *See Talley,* 431 F.3d at 788. That Bostic was sentenced to the statutory maximum sentence for his offense does not render his sentence per se unreasonable.

In determining Bostic's sentence, the district court considered expressly the section 3553(a) factors. In particular, the district court expressed concern about Bostic's extensive criminal history (including his two prior drug convictions), about Bostic's continued drug use, and about Bostic's commission of a new criminal offense while on supervised release. In the light of the nature of Bostic's offense and Bostic's history and characteristics, we accept that a 48–month sentence could be reasonably thought to be necessary to deter Bostic

from further criminal activity, to protect the public from future crimes, and to promote respect for the law.

We reject Bostic's argument that the district court failed to accord sufficient weight to the comparatively minor role he played in the charged conspiracy. The district court has considerable discretion in weighing the section 3553(a) factors. *United States v. Clay,* 483 F.3d 739, 743 (11th Cir.2007). Given the totality of the circumstances, we are not "left with the definite and firm conviction that the district court committed a clear error judgment in weighing the § 3553(a) factors." *See Pugh,* 515 F.3d at 1191. We see no abuse of discretion; we affirm Bostic's sentence.

AFFIRMED.

---

of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(7).